**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| WENDI LOGAN | : | |
|  Plaintiff, | : | |
|  | : | CIVIL ACTION No. 5:20-cv-03318 |
|  v. | : | |
|  | : | |
|  | : | |
|  | : | |
| GARDA CL ATLANTIC, INC. | : | |
|  | : | |
|  Defendant | : | |
|  | : | |

**DEFENDANT GARDA CL ATLANTIC, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Garda CL Atlantic, Inc. ("Defendant), by and through their attorneys, Holland & Knight LLP, hereby submit this Answer with Affirmative Defenses to Plaintiff's Complaint. All allegations in Plaintiff's Complaint are denied other than as expressly admitted below.

**NATURE OF CLAIM**

1.      Denied as stated.  Defendant admits only that Plaintiff asserts the claims set forth in Paragraph 1 against Defendant. Defendant denies all remaining allegations contained in Paragraph 1.

**PARTIES, JURISDICTION AND VENUE**

2.      Admitted, upon information and belief.

3.      Denied as stated.  Defendant admits only that Garda CL Atlantic, Inc. is registered to do business in the Commonwealth of Pennsylvania, and operates a location at 4200 Governor Printz Boulevard, 500 Corporate Drive, Wilmington, DE 19802.   Defendant denies all remaining factual allegations contained in Paragraph 3.

4.      Denied as stated. Defendant admits only that it operates a facility at 500 Corporate Center Drive, Reading, Berks County, Pennsylvania, 19406.  Defendant denies all remaining factual allegations contained in Paragraph 4.

5.      Denied.  Paragraph 5 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

6.      Denied.  Paragraph 6 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

7.      Denied. Paragraph 7 contains conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

## ADMINISTRATIVE PROCEEDINGS

8.      Denied as stated.  Paragraph 8 refers to a writing that speaks for itself, and Defendant denies any characterization thereof.  Defendant denies all remaining allegations contained in Paragraph 8.

9.      Denied as stated.  Paragraph 9 refers to a writing that speaks for itself, and Defendant denies any characterization thereof.  Defendant denies all remaining allegations contained in Paragraph 9.

10.      Denied as stated.  Paragraph 10 contains conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

## FACTS

11.      Denied as stated.  Plaintiff was hired on June 24, 2017 as a Cash Vault Services Analyst at the Reading, Pennsylvania location.  All remaining allegations contained in Paragraph 11 are denied.

12.     Denied.

13.     Denied as stated.  Defendant admits only that when Plaintiff was hired, she was paid on an hourly basis and thus was considered to be non-exempt from applicable wage and hour laws requiring payment of overtime.  All remaining allegations contained in Paragraph 13 are denied.

14.     Denied as stated.  Defendant admits only that in or around December 2017, Defendant promoted Plaintiff to Cash Vault Services Supervisor and informed her that her position was considered exempt, and that as a result she would no longer be eligible for overtime.  All remaining allegations contained in Paragraph 14 are denied.

15.     Denied as stated.  Defendant admits only that beginning in or around December 2017, Defendant began paying Plaintiff on a salary basis.  All remaining allegations contained in Paragraph 15 are denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied as stated.  Defendant denies that Plaintiff was entitled to overtime.  All remaining allegations contained in Paragraph 18 are denied.

20.     Denied as stated. Paragraph 20 refers to a document, the contents of which speaks for itself.  All remaining allegations contained in Paragraph 20 are denied.

21.     Denied as stated.  Paragraph 21 refers to a document, the contents of which speaks for itself.  All remaining allegations contained in Paragraph 21 are denied.

22.     Denied.

23.     Denied as stated.  Paragraph 23 refers to a document, the contents of which speaks for itself.  All remaining allegations contained in Paragraph 23 are denied.

24.     Denied as stated.  Paragraph 24 refers to a document, the contents of which speaks for itself.  All remaining allegations contained in Paragraph 24 are denied.

25.     Denied as stated.  Paragraph 25 refers to a document, the contents of which speaks for itself.  All remaining allegations contained in Paragraph 25 are denied.

26.     Denied.

27.     Denied.

28.     Denied as stated.  Paragraph 28 refers to a document, the contents of which speaks for itself.  All remaining allegations contained in Paragraph 28 are denied.

29.     Denied as stated. Paragraph 29 refers to a document, the contents of which speaks for itself.  All remaining allegations contained in Paragraph 29 are denied.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied as stated.  Defendant admits only that Defendant approved Plaintiff for leave under the Family and Medical Leave Act. All remaining allegations contained in Paragraph 33 are denied.

34.     Denied.

35.     Denied as stated.  Defendant admits only that it provided Plaintiff with paperwork related to a request for leave.  All remaining allegations contained in Paragraph 35 are denied.

36.     Denied.

37.     Denied as stated. Defendant admits only that Plaintiff's position was eliminated

on or about May 6, 2020 related to a company-wide workforce reduction.  All remaining

allegations contained in Paragraph 37 are denied.

38.     Denied as stated. Defendant admits only that a number of individuals were

furloughed at the Reading, Pennsylvania facility and that Plaintiff's position was eliminated.

Defendant denies all remaining allegations contained in Paragraph 38.

## CAUSES OF ACTION

### Count I
**Violation of the Fair Labor Standards Act.**
29 U.S.C. §§ 201, *et seq.*

39.     Defendant incorporates by reference Defendant's response to Paragraphs 1

through 38 above as if they were fully set forth herein.

40.     Paragraph 40 contains conclusions of law to which no response is required.  To the

extent a response is required, Defendant denies the allegations contained in Paragraph 40.

41.     Paragraph 41 contains conclusions of law to which no response is required.  To the

extent a response is required, Defendant denies the allegations contained in Paragraph 41.

42.     Paragraph 42 contains conclusions of law to which no response is required.  To the

extent a response is required, Defendant denies the allegations contained in Paragraph 42.

43.     Paragraph 43 contains conclusions of law to which no response is required.  To the

extent a response is required, Defendant denies the allegations contained in Paragraph 43.

44.     Paragraph 44 contains conclusions of law to which no response is required.  To the

extent a response is required, Defendant denies the allegations contained in Paragraph 44.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief demanded

in the Complaint, and respectfully request that the Court enter judgment in Defendant's favor and

against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding Defendant attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

<u>**Count II**</u>
**Retaliation Under the Fair Labor Standards Act**
29 U.S.C. §§ 201, et seq.

45.     Defendant incorporates by reference Defendant's response to Paragraphs 1 through 44 above as if they were fully set forth herein.

46.     Paragraph 46 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 46.

47.     Paragraph 47 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 47.

48.     Paragraph 48 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 48.

49.     Paragraph 49 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 49.

50.     Paragraph 50 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 50.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief demanded in the Complaint, and respectfully request that the Court enter judgment in Defendant's favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding Defendant attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

**Count III**
**Violation of Americans with Disabilities Act**
42 U.S.C. §§ 120101, et seq.

51.     Defendant incorporates by reference Defendant's response to Paragraphs 1 through 50 above as if they were fully set forth herein.

52.     Paragraph 52 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 52.

53.     Paragraph 53 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 53.

54.     Paragraph 54 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 54.

55.     Paragraph 55 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 55.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief demanded in the Complaint, and respectfully request that the Court enter judgment in Defendant's favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding Defendant attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

**Count IV**
**Retaliation under the Family and Medical Leave Act**
29 U.S.C. §§ 2601, et seq.

56.     Defendant incorporates by reference Defendant's response to Paragraphs 1 through 55 above as if they were fully set forth herein.

57.     Paragraph 57 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 57.

58.     Paragraph 58 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 58.

59.     Paragraph 59 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 59.

60.     Paragraph 60 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 60.

61.     Denied as stated.  Defendant admits only that it separated Plaintiff's employment. Defendant denies all remaining allegations and characterizations thereof contained in Paragraph 61.

62.     Paragraph 62 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 62.

63.     Paragraph 63 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 63.

64.     Paragraph 64 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 64.

65.     Paragraph 65 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 65.

66.     Paragraph 66 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 66.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief demanded in the Complaint, and respectfully request that the Court enter judgment in Defendant's favor

and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding Defendant attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

**Count V**
**Violation of Pennsylvania Wage Payment and Collection Law**
43 P.S. § 260.1, et seq.

67.     Defendant incorporates by reference Defendant's response to Paragraphs 1 through 66 above as if they were fully set forth herein.

68.     Paragraph 68 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 68.

69.     Paragraph 69 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 69.

70.     Paragraph 70 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 70.

71.     Paragraph 71 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 71.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief demanded in the Complaint, and respectfully request that the Court enter judgment in Defendant's favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding Defendant attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

**Count V**
**Violation of Pennsylvania Minimum Wage Act**
43 P.S. § 333.101, et seq.

72.     Defendant incorporates by reference Defendant's response to Paragraphs 1 through 71 above as if they were fully set forth herein.

73.     Paragraph 73 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 73.

74.     Paragraph 74 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 74.

75.     Paragraph 75 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 75.

76.     Paragraph 76 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 76.

77.     Paragraph 77 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 77.

78.     Paragraph 78 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 78.

79.     Paragraph 79 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 79.

80.     Paragraph 80 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 80.

81.     Paragraph 81 contains conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 81.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any of the relief demanded in the Complaint, and respectfully request that the Court enter judgment in Defendant's favor and against Plaintiff, dismissing the Complaint in its entirety and with prejudice, and awarding

Defendant attorneys' fees, costs, and such other and further relief as the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without assuming any burden of proof that does not otherwise exists as a matter of law.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails, in whole or in part, to state any claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which an award of liquidated damages or punitive damages may be granted, and Defendant's good faith conduct and efforts to prevent and address unlawful discrimination, harassment and retaliation preclude such an award.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which an award of attorneys' fees and expenses may be granted.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant exercised reasonable care to prevent and promptly correct any allegedly discriminatory, harassing or retaliatory behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

## FIFTH AFFIRMATIVE DEFENSE

All decisions regarding Plaintiff's employment were made for legitimate, non-discriminatory and non-retaliatory reasons.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, unclean hands, and accord and satisfaction.

## SEVENTH AFFIRMATIVE DEFENSE

Any actions taken by Defendant with respect to Plaintiff were taken in good faith and with reasonable grounds to believe such conduct comported with the FLSA and Portal-to-Portal Act, including 29 U.S.C. §§ 203(o), 207 and 254.

## EIGHTH AFFIRMATIVE DEFENSE

Pursuant to 29 U.S.C. § 207, Defendant is entitled to statutory credit toward any overtime compensation sought by Plaintiff and/or any allegedly similarly situated employees for any overtime payments Defendant has already made during the relevant time period.

## NINTH AFFIRMATIVE DEFENSE

Defendant at all times acted in good faith with the state and federal wage and hour laws and with reasonable grounds to believe that Defendant's actions did not violate state and federal wage and hour laws, and Defendant asserts a lack of willfulness or intent to violate state or federal wage and hour laws a defense to any claim by Plaintiff for liquidated damages.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff was compensated at all times in accordance with state and federal wage and hour laws, and was fully compensated as to all sums of money to which she was entitled.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to equitable relief insofar as she has an adequate remedy at law.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of *de minimis non curat lex*.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff is seeking to recover costs or damages that are unreasonable, duplicative, or otherwise inappropriate.  Plaintiff has incurred no damages cognizable by law.

### FOURTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff suffered any injury, which Defendants deny, any purported injury is not due to any act of Defendants, but rather is attributable to either Plaintiff or third parties over whom Defendants had no control.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred or limited by the doctrine of after-acquired evidence.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any adverse action with respect to her employment.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional affirmative defenses as they become available during the course of this litigation.

**WHEREFORE**, Defendant respectfully requests that this Honorable Court enter Judgment in its favor; that Plaintiff takes nothing under the Complaint; that Plaintiff's Complaint be dismissed with prejudice, in its entirety; that Defendant be awarded reasonable attorneys' fees

and costs in connection with this suit; and that this Court award Defendant any and all further relief that this Court may deem appropriate.

Respectfully submitted,


/s/ Valerie E. Brown
Valerie E. Brown
Holland & Knight LLP
Cira Centre
2929 Arch St.
Philadelphia, PA  19104
Phone: (215) 252-9569
Facsimile: (215) 867-6070
valerie.brown@hklaw.com


*Attorneys for Defendant* Garda CL Atlantic, Inc.

Dated:  September 29, 2020

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned counsel hereby certifies that a true and correct copy of the foregoing Defendant's Answer to Plaintiff's Complaint with Affirmative Defenses was electronically filed this 29th day of September, 2020 causing service to be made through the Court's ECF system upon the following counsel:

Brian M. Doyle
Two Penn Center
1500 JFK Blvd., Suite 1240
Philadelphia, PA 19102

*Attorneys for Plaintiff*

<u>*/s/ Valerie E. Brown*</u>
Valerie E. Brown